

WHITFIELD BRYSON
& MASON LLP
ATTORNEYS AT LAW

John C. Whitfield + # ◊        Esfand Y. Nafisi ˜ ˆ        1625 Massachusetts Ave. NW, Suite 605
Daniel K. Bryson ˙ +           Margaret J. Pishko ˙       Washington, DC   20036
Gary E. Mason > ˆ ʷ            Benjamin S. Branda ˜        Office: 202.429.2290
Scott C. Harris * ¤            Jeremy R. Williams ˙       Fax: 202.429.2294
Matthew E. Lee ˙ ᵇ            Steven N. Berk > ˜ ˜        www.wbmllp.com
Jason S. Rathod > ˜            Charles A. Schneider > ˜
Caroline Ramsey Taylor + ᵐ    Martha B. Schneider > ˜
Natasha Camenisch Farmer +    Roger N. Braden + ˜

State Bar Admissions:
KY + DC > NC ˙ FL ᵃ TN ◊
NY ˆ MD * IL ˜ MO ⁰
Of Counsel ˜

August 26, 2015

By First Class Mail
Postmates Inc.
690 5th Street
San Francisco, California 94107

Re: Chito Peppler v. Postmates, Inc., Superior Court of the District of Columbia
    Case No. 2015 CA 006560 B

To whom it may concern,

Enclosed for service please find a Civil Information Sheet, Complaint, Summons and Initial Order and Addendum for the above referenced case filed in the Superior Court for the District of Columbia on August 25, 2015.

If you have any questions, please feel free to call me at 202-640-1165.

Sincerely,

Jason S. Rathod

w/enclosures



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Chito Peppler
_____
                                    Plaintiff

                    vs.                                        **2015 CA 006560 B**

Postmates, Inc.                                    Case Number _____
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jason S. Rathod
_____                    *Clerk of the Court*
Name of Plaintiff's Attorney

1625 Massachusetts Ave., NW, #605
_____          By _____
Address                                                                          Deputy Clerk
Washington, DC 20036
_____

202-429-2290                                                           Date **08/25/2015**
_____          _____
Telephone

如需翻譯,請打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오          ያማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                          CASUM.doc

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Chito Peppler

Case Number: **2015 CA 006560 B**

vs

Date: **August 25, 2015**

Postmates, Inc.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Jason S. Rathod<br>Firm Name:<br>Whitfield Bryson & Mason LLP<br>Telephone No.:          Six digit Unified Bar No.:<br>292-429-2290               100082 | Relationship to Lawsuit<br>☒ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury      ☐ 6 Person Jury      ☒ 12 Person Jury
Demand: $ _$3,500,000_      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                                        **COLLECTION CASES**

☐ 01 Breach of Contract         ☒ 07 Personal Property        ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty         ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees     ☐ 13 Employment Discrimination ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

**B. PROPERTY TORTS**

☐ 01 Automobile                 ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                 ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 09 Harassment            ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 10 Invasion of Privacy        Not Malpractice)
☐ 03 Assault and Battery        ☐ 11 Libel and Slander     ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 14 Malpractice Legal     ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                      ☐ 16 Negligence- (Not Automobile, ☐ 23 Tobacco
                                     Not Malpractice)        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
  Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

August 25, 2015
_____
Date

CV-496/Oct 14

Filed
D.C. Superior Court
08/25/2015 12:43PM
Clerk of the Court

# SUPERIOR COURT
# FOR THE DISTRICT OF COLUMBIA

CHITO PEPPLER
Washington, D.C., 20020,
on behalf of himself, all others
similarly situated,

        Plaintiff,

v.

POSTMATES, INC.,
San Francisco, CA 94107
        Defendant.
_____/

CASE NO.:   **2015 CA 006560 B**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

    Plaintiff, Chito Peppler, by and through his undersigned counsel, on behalf of himself and all other persons similarly situated, sues Defendant Postmates, Inc., ("Postmates" or "Defendant") and for his Class Action Complaint alleges the following facts and claims upon knowledge as to matters relating to himself and upon information and belief as to all other matters, as follows:

### INTRODUCTION AND SUMMARY OF ACTION

    1.    This is a class action on behalf of individuals who have worked for Postmates as couriers in Washington D.C. Postmates is a delivery service that providers couriers who can be hailed and dispatched through a mobile phone application to deliver food and other items to customers at their homes and businesses.

    2.    Plaintiff brings this action pursuant to Rule 23 of the D.C. Superior Court Rules of Civil Procedure and DC Code § 32-1308 on behalf of himself and a class of other similarly situated Postmates couriers who have worked in Washington D.C., alleging that Defendant has violated provisions of the Washington D.C. Minimum Wage Revision Act ("DCMWRA") and

the Wage Payment Collection Law ("DCWPL"), D.C. Code § 32–1302 *et seq*, by: (1) failing to pay a minimum wage, (2) failing to pay all wages earned to couriers in a timely manner; and (3) requiring couriers to pay various expenses that should have been borne by the employer. Plaintiff, on behalf of all similarly situated Postmates couriers in Washington D.C., seeks restitution of all wages and expenses of which they were entitled but deprived, including the cost of gas, car and bicycle maintenance, gear, parking, a phone and data plan, and public transportation, which they were required to bear in order to perform their jobs, and all other relief to which they are entitled.

## PARTIES

3.      Plaintiff Chito Peppler is an adult resident of Washington D.C., where he worked as a Postmates' vehicle, bike, and foot courier from approximately April 2015 to June 2015.

4.      Defendant Postmates, Inc. ("Postmates") is a Delaware corporation, headquartered in San Francisco, California.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to D.C. Code § 11-921 and DC Code § 32-1308.

6.      Venue is proper in the District of Columbia because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

## STATEMENT OF FACTS

7.      Postmates is a San Francisco-based courier service that provides delivery services in cities throughout the country via an on-demand dispatch system.

2

8.      Postmates offers customers the ability to request a courier on a mobile phone application.

9.      Postmates' website advertises that customers can "Get the best of your city delivered in minutes."

10.     Couriers receive a fee for each delivery completed and sometimes receive tips from customers in addition to their delivery fees.  Couriers do not receive an hourly wage.

11.     Although classified as independent contractors, Postmates couriers are employees who are economically dependent on, and controlled by, Postmates.  They are required to follow detailed requirements imposed on them by Postmates, and they are graded, and are subject to termination, based on Postmates' discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in picking up items and delivering them to customers, the accurateness of their orders, etc.).  For example, Mr. Peppler was terminated by Postmates when his rating dropped to a 4.6 out of 5.  When he protested his termination, Postmates told him that "the rating is the rating" and automatically cause for termination.

12.     Couriers do not have the opportunity to exercise managerial skills to affect the workers' opportunity for profit or loss.  Their opportunities for work are dictated by Postmates' on-demand dispatch system, and cannot impact profit and loss by, for example, hiring others, purchasing materials and equipment, advertising, renting space, and managing time tables.

13.     In addition, Postmates is in the business of providing delivery service to customers, and that is the service that Postmates couriers provide. The couriers' services are fully

3

integrated into Postmates' business, and without the couriers, Postmates' business would not exist.

14.     However, based on their misclassification as independent contractors, Postmates couriers are required to bear many of the expenses of their employment, including expenses for their vehicles and bikes, gas, phone and data plan, and other expenses. Among other things, Postmates' common policy that the couriers bear these expenses operated as an improper deduction from the couriers' pay.

15.     In light of the expenses couriers must bear, and because Postmates requires its couriers to subsist on delivery fees and tips and does not pay an hourly wage, there are many times when couriers do not receive minimum wage for all hours worked. For example, one request required Plaintiff to go to Vapiano, a made-to-order Italian restaurant. He had to travel to the location, wait in line for 30 minutes, order, pay, pick-up the food, and then travel to the customer. The one job took an hour and his fee plus tip amounted to less than the minimum wage. When expenses, such as travel costs, are factored in, the hourly wage was even less.

16.     In addition, couriers are not paid overtime for hours they work in excess of forty per week.

## WASHINGTON D.C. CLASS

17.     Plaintiff brings this class action pursuant to D.C. Super. Ct. R. Civ. P. 23 and DC Code § 32-1308 on behalf of himself and all Postmates couriers who have worked for Postmates in Washington D.C.

18.     Postmates has uniformly failed to pay Plaintiff and other class members a

4

minimum wage, failed to pay all wages earned in a timely manner, and required couriers to pay various expenses that should have been borne by the employer.

19.     The members of the class are so numerous that joinder of all class members is impracticable.

20.     Common questions of law and fact, including Postmates' conduct in classifying couriers as independent contractors, failure to pay all wages earned in a timely manner, and requirement that couriers pay various expenses that should have been borne by the employer exist as to all class members, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class.  Among the questions of law and fact common to the class are:

> a.   Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;
>
> b.   Whether the work performed by class members – providing courier service to customers – is within Postmates' usual course of business, and whether such service is fully integrated into Postmates' business;
>
> c.   Whether these class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, phone and data plan, and other expenses.

21.     Named Plaintiff Chito Peppler is a class member who suffered damages as a result of Defendant's conduct and actions alleged herein.

22.     Named Plaintiff Peppler's claim is typical of the claims of the class, and has the same interests as the other members of the class.

23.     Named Plaintiff Peppler will fairly and adequately represent and protect the interests of the class. They have retained able counsel experienced in class action litigation. Their interests are coincident with, and not antagonistic to, the interests of the other class members.

24.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be comparatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE DCMWRA

26.     Defendant's willful conduct in failing to pay its employees the D.C. minimum wage, and requiring its employees to pay for the expenses of their employment (all of which contribute to them not receiving the D.C. minimum wage), violates the DCMWRA. This claim is brought on behalf of Plaintiff, individually, and on behalf of all others similarly situated.

## COUNT II

### FAILURE TO PAY ALL WAGES (INCLUDING REIMBURSEMENT OF EXPENSES) EARNED IN A TIMELY MANNER IN VIOLATION OF THE DCWPCL

27.     Defendant's willful conduct in failing to pay its employees in a timely manner for all wages that they earned, and requiring its employees to pay for the expenses of their employment, violates the DCWPCL. This claim is brought on behalf of Plaintiff, individually, and on behalf of all others similarly situated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Chito Peppler, on behalf of himself, all others similarly situated, prays for a judgment against Defendant as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in D.C. Super. Ct. R. Civ. P. 23(a), (b)(2), (b)(3), and/or DC Code § 32-1308, and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.     Entering judgment in favor of Plaintiff and the Class and against Defendant for all compensatory, individual and class damages;

D.     Awarding compensatory damages such as all expenses and wages owned, in an amount according to proof;

E.     Awarding liquidated damages;

F.     Providing such other relief as in law or equity that may pertain.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated August 25, 2015                          Respectfully submitted,

_____
Gary E. Mason (D.C. Bar No. 418073)
Jason S. Rathod (D.C. Bar No. 100082)
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C.  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
jrathod@wbmllp.com

Nicholas A. Migliaccio, Esq.
**MIGLIACCIO LAW FIRM PLLC**
438 16th Street SE
Washington, DC 20003
Telephone: 202.470.3520
Facsimile: 202.810.0081
nmigliaccio@classlawdc.com
*Counsel for Plaintiff*

8



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CHITO PEPPLER
   Vs.                                   C.A. No.     2015 CA 006560 B
POSTMATES, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date:  August 25, 2015
Initial Conference: 10:00 am, Friday, December 11, 2015
Location:  Courtroom 517
          500 Indiana Avenue N.W.

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

Whitfield Bryson & Mason LLP
1625 Massachusetts Ave, NW
Suite 605
Washington, DC 20036

CERTIFIED MAIL

7014 1820 0002 3502 8478

Postmates Inc
690 5th St
San Francisco CA 94107

UNITED STATES POSTAGE